The State argues that both petitioner's original and his substitute attorney were from the same Public Defender agency, and that the agency had sufficient time to prepare. The trial judge repeatedly indicated that he was going to continue the trial because "[l]ack of investigation lays at the doorstep of the Public Defender, not [the substitute attorney]." The issue in determining whether a defendant has been deprived of the effective assistance of counsel is not whether the defense attorney is culpable for the failure but only whether, for whatever reason, he has failed to fulfill the essential role imposed on him by the Sixth Amendment. No matter upon whose doorstep the judge cared to lay blame for counsel's lack of preparation, the cost of the failure should not have been visited upon the defendant—who was without responsibility.

It is axiomatic that "[t]he defendant needs counsel and counsel needs time." *Hawk* v. *Olson,* 326 U. S. 271, 278 (1945). Here, counsel did not have "time" and as a result defendant may well have been deprived of his right to the adequate assistance of counsel guaranteed by the Constitution.

I would grant certiorari and set this case for argument.

No. 73–6579. MAYER *v.* MOEYKENS. C. A. 2d Cir. Certiorari denied. THE CHIEF JUSTICE and MR. JUSTICE BLACKMUN, upon suggestion of petitioner's death prior to filing of petition for certiorari, would dismiss petition.

No. 72–5187. FAIR *v.* TAYLOR ET AL., 416 U. S. 918; No. 72–6050. FROMMHAGEN *v.* BROWN, SECRETARY OF STATE OF CALIFORNIA, ET AL., 415 U. S. 724; and No. 73–909. SMALDONE ET AL. *v.* UNITED STATES, 416 U. S. 936. Petitions for rehearing denied.